**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **HEATHER CATALINE,** *on behalf of herself and others similarly situated*, | Case No. 1:23-cv-621 |
| Named Plaintiff, | JUDGE |
| v. | MAGISTRATE JUDGE |
| **BEECHMONT BREWING, LLC D/B/A WANDERING MONSTERS BREWING COMPANY** 7261 Anderson Woods Dr. Cincinnati, Ohio 45244, | **PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT** **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Now comes Named Plaintiff Heather Cataline ("Cataline," "Named Plaintiff," or "Plaintiff"), by and through counsel, *individually and on behalf of all others similarly situated*, for her Collective and Class Action Complaint against Beechmont Brewing, LLC d/b/a Wandering Monsters Brewing Company ("Wandering Monsters" or "Defendant") seeking minimum wage and other compensation due to Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Art. II, Section 34a of the Ohio Constitution ("§ 34a"), and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (§ 34a and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); the claims pursuant to the Ohio Acts are brought as a class action pursuant to Rule 23. As more fully alleged below, Plaintiff also seeks individual relief because Defendant terminated her employment in retaliation for her protected activity.

**I.    JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. *See* 29 U.S.C. § 216(b).

2. This Court also has supplemental jurisdiction over the Ohio Acts claims because these claims arise from a common nucleus of operative facts. *See* 29 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendant because Defendant conducted substantial business in this jurisdiction.

4. Venue is proper in this Court because Plaintiff worked at Defendant's brewery located at 8251 Beechmont Avenue, Cincinnati, Ohio 45255. *See* 28 U.S.C. § 1391(b).

## II. THE PARTIES

### A. Named Plaintiff Cataline

5. Plaintiff Cataline worked for Defendant as a bartender from approximately July 1, 2023 until August 14, 2023.

6. During her employment, Defendant classified Plaintiff and similarly situated tipped employees as hourly, non-exempt.

7. She primarily performed tip-producing job duties, including serving beverages and various food items to patrons from behind the main bar, among other job duties associated with the brewery. She was paid a "tipped minimum wage" of $5.06 per hour and some tips. Defendant paid her and similarly situated tipped employees on a bi-weekly basis.

8. At all times relevant, Plaintiff was an "employee" and Defendant was an "employer" as those terms are defined by 29 U.S.C. § 203(d)

9. During Named Plaintiff's employment, Defendant did not first inform her and other tipped employees of the tip credit provisions of 29 U.S.C. §203(m)(2)(A) and 29 C.F.R. § 531.59(b) ("Tip Credit Provisions"). As such, Named Plaintiff and similarly situated tipped employees should have been paid at the full minimum wage rate rather than at the lower tip credit rate. As a result, Defendant impermissibly took a tip credit from the wages of Named Plaintiff and

similarly situated hourly tipped employees resulting in the failure to pay them minimum wage in violation of the FLSA and Ohio Acts.

10. Second, in order for an employer to pay its tipped employees less than the full minimum wage, 29 U.S.C. § 203(m)(2)(ii), 29 C.F.R. § 531.50(b), and § 34a require that *all* tips received by tipped employees *must be retained by the employee*. "Tips" are money gifted by a customer in recognition of service which is received by the employee free and clear of any control by the employer. 29 C.F.R. § 531.52(a)-(b). An employer that takes a tip credit against its minimum wage obligations is *prohibited* from using an employee's tips for any reason other than that which is statutorily permitted in section 3(m)(2)(A). *Id*. *See also* 29 C.F.R. § 531.54 ("[A]n employer must notify its employees of any required tip pool contribution amount, may only take a tip credit for the amount of tips each employee ultimately receives, and may not retain any of the employees' tips for any other purpose."). If all of the tips of the tipped employees are not retained by the tipped employees, an employer cannot pay them less than the full base minimum wage rate for each hour worked. *Id*.

11. Defendant improperly retained Named Plaintiff's and similarly situated tipped employees' tips and redistributed them to employees who are not tipped employees, including, but not limited to back kitchen staff[1] such as cooks and dishwashers, among others to be determined in discovery.

12. By failing to pay Named Plaintiff and similarly situated others all tips earned by them and instead redistributing tips to non-tipped employees, Defendant violated the FLSA and the Ohio Acts.

---

[1] *See* https://www.dol.gov/agencies/whd/flsa/tips (last accessed Sep. 5, 2023) (explaining that, the final rule, "Tip Regulations Under the Fair Labor Standards Act (FLSA)" ("2020 Tip final rule"), effective on April 30, 2021, provide that only when "an employer that pays the full minimum wage and takes no tip credit may allow employees who are not tipped employees (for example, cooks and dishwashers) to participate in the tip pool."

13. Defendant applied the same or similar pay policies/practices Named Plaintiff and its tipped employees.

14. Named Plaintiff brings this action on behalf of herself and other similarly situated hourly, non-exempt employees and her written consent to bring this action to collect unpaid minimum compensation under the FLSA. Pursuant to 29 U.S.C. § 216(b), Named Plaintiff's consent is filed herewith and is attached hereto as **Exhibit A**.

15. Third, on Friday, August 11, 2023, Plaintiff raised various tip structure concerns to Defendant directly via email to two managerial employees: Mark Farris, manager ("Farris") and Jason Brewer ("Brewer"). In particular, Plaintiff informed them that her tips and those of other tipped employees were being improperly split among non-tipped employees such as kitchen staff resulting in her and other bartenders working "for free." She also requested that they restructure how the tips were being paid so that she could be paid properly.

16. Less than an hour later, Mr. Farris terminated her employment in retaliation for engaging in protected activity.

17. By terminating her employment in response to her protected activity, Defendant retaliated against her in violation of the FLSA and § 34a.

**B. Defendant Wandering Monsters Brewing Company**

18. Defendant is a domestic limited liability company doing business as "Wandering Monsters Brewing Company. It is in the business of manufacturing beer and providing beer, alcoholic beverages, and food items to patrons. It is located at 8251 Beechmont Avenue, Cincinnati, Ohio 45255.[2]

19. At all times relevant, Defendant was an employer within the meaning of Section

---

[2] *See* https://bizimage.ohiosos.gov/api/image/pdf/202232101182 (last accessed Sep. 5, 2023).

3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r). That is, Wandering Monsters performs related activities through unified operations and common control for a common business purpose; named, the operation of "Wandering Monsters Brewing Company" throughout the State of Ohio.

21. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as bar-related products, computers, and cell phones.

22. Defendant had had or will have an annual gross volume of sales made, or business done, of not less than $500,000 since it began doing business in 2023.

23. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206.

24. At all times relevant, Defendant was fully aware of the fact that it was legally required to comply with the wage laws of the United States and the State of Ohio.

### III. CLASS-WIDE FACTUAL ALLEGATIONS

25. Named Plaintiff Cataline worked for Defendant as a bartender from approximately July 1, 2023 until August 14, 2023. She primarily performed tip-producing job duties, including serving beverages and various food items to patrons. She was paid a base wage of $5.06 per hour.

26. At all times relevant, Named Plaintiff and other members of the Putative Class (as more fully defined below) were hourly, non-exempt tipped employees entitled to the protections

of the FLSA, attendant regulations, and § 34a, including the payment of minimum wage and retention of all tips earned during their employment. *See* 29 U.S.C. 206; 29 U.S.C. § 203(m)(2)(A); 29 C.F.R. § 531.59(b); and § 34a.

27. However, Defendant failed to comply with the FLSA and Ohio Acts resulting in the failure to pay minimum wages and other compensation in several respects.

28. Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to its tipped employees, including policies, practices, and procedures relating to the payment of wages, tips, and timekeeping.

**(Failure to First Inform of Tip Credit Provisions)**

29. First, 29 U.S.C. § 203(m) allows an employer to satisfy a portion of its minimum wage obligations to any "tipped employee" by taking a partial credit towards the minimum wage based on tips the employee receives. 29 U.S.C. § 203(m)(2)(A).

30. But, in order to enjoy the benefits of paying employees less than the federal or Ohio minimum wage (i.e. at a tip credit rate), an employer must satisfy the specific requirements of 29 U.S.C. § 203(m)(2)(A)-(B) and attendant regulations, including 29 C.F.R. § 531.59(b). Otherwise, an employer cannot take advantage of the tip credit and must pay the employees the full minimum wage in order to comply with the FLSA or Ohio's applicable minimum wage. Section 203(m) requires that an employee who is paid at a tip credit rate must first be informed of the of the tip credit provisions. The requirements of the tip credit are strictly construed and employers must comply with them regardless of whether the tipped employees actually earned more than minimum wage for every shift worked.

31. Defendant failed to first inform Named Plaintiff and other similarly situated tipped employees of the Tip Credit Provisions of 29 U.S.C. §203(m)(2)(A) and 29 C.F.R. § 531.59(b) as

follows:

    a. The amount of the cash wage that is to be paid to the tipped employee by the employer was $2.13 per hour;

    b. That the additional amount claimed by the employer as a tip credit, cannot exceed $5.12 per hour (the difference between the minimum required direct (or cash) wage of $2.13 and the current Federal minimum wage of $7.25);

    c. That the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employees;

    d. That all tips the tipped employees received were to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

    e. That the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.[3]

32. As such, Plaintiff and similarly situated tipped employees should have been compensated at the full minimum wage rate for all hours worked. However, Defendant failed to pay them at the full base minimum wage rate.

33. Nevertheless, Defendant still applied a tip credit to Named Plaintiff's and other similarly situated hourly tipped employees' wages despite not satisfying their requirement to first provide the necessary Tip Credit Provisions.

34. Defendant's application of the tip credit to the wages of Named Plaintiff and other similarly situated hourly tipped employees was in violation of the FLSA.

35. Thus, Defendant during all times relevant, Defendant failed to pay Named Plaintiff

---

[3] *See* Fact Sheet # 15: Tipped Employees under the Fair Labor Standards Act, Department of Labor, https://www.dol.gov/agencies/whd/fact-sheets/15-tipped-employees-flsa (last visited Sep. 29, 2023).

and other similarly situated hourly tipped employees all lawful minimum wages earned because their policy or practice of not making a tip credit notice to their hourly tipped employees before taking the tip credit rendered their tip credit policy unlawful.

**(Improper Retention or Redistribution of Tips to Non-Tipped Employees)**

36. Second, in order for an employer to pay its tipped employees less than the full minimum wage, the FLSA and § 34a require that all tips received by tipped employees must be retained by the employee and tips cannot be redistributed to non-tipped employees. *See* 29 U.S.C. § 203(m)(2)(A)(ii), 29 C.F.R. § 531.50(b), and § 34a.

37. "Tips" are money gifted by a customer in recognition of service which is received by the employee free and clear of any control by the employer. 29 C.F.R. § 531.52(a)-(b). An employer that takes a tip credit against its minimum wage obligations is *prohibited* from using an employee's tips for any reason other than that which is statutorily permitted in section 3(m)(2)(A). *Id. See also* 29 C.F.R. § 531.54 ("[A]n employer must notify its employees of any required tip pool contribution amount, may only take a tip credit for the amount of tips each employee ultimately receives, and may not retain any of the employees' tips for any other purpose."). If all of the tips of the tipped employees are not retained by the tipped employees, an employer cannot pay them less than the full base minimum wage rate for each hour worked. *Id*.

38. During Named Plaintiff's employment, Defendant improperly retained Plaintiff's and similarly situated tipped employees' tips and redistributed them to employees who are not tipped employees, including, but not limited to back kitchen staff[4] such as cooks and dishwashers, among others to be determined in discovery.

---

[4] *See* https://www.dol.gov/agencies/whd/flsa/tips (last accessed Sep. 5, 2023) (explaining that the final rule, "Tip Regulations Under the Fair Labor Standards Act (FLSA)" ("2020 Tip final rule"), effective on April 30, 2021, provides that only when "an employer that pays the full minimum wage and takes no tip credit may allow employees who are not tipped employees (for example, cooks and dishwashers) to participate in the tip pool."

39. By failing to pay Named Plaintiff and similarly situated others all tips earned by them and instead retaining and/or redistributing tips to non-tipped employees, Defendant violated the FLSA and § 34a.

40. As such, Defendant was not permitted to pay Named Plaintiff and similarly situated tipped employees less than the full minimum base wage of pay and was required to pay them at least the full minimum wage for all hours worked.

41. Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Named Plaintiff and similarly situated hourly tipped employees.

42. Defendant was aware or should have been aware that federal and Ohio law required them to pay employees minimum wage for all hours worked and that it was prohibited from retaining tips and/or redistributing them to non-tipped employees.

**A. FLSA Collective Action for Unpaid Minimum Wages and other Compensation**

43. Named Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

44. As outlined above, the FLSA Collective that Named Plaintiff seeks to represent as members of the FLSA Collective and to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff herself is a member, is composed of and defined as follows:

> All current and former hourly employees who worked in a tipped position for which a tip credit was applied from July 1, 2023 and continuing through final disposition of this case ("FLSA Collective" or "FLSA Collective Members").

45. Examples of other members of the FLSA Collective include bartenders, servers,

and any employee who was paid a base hourly wage less than $7.25 per hour and received tips.

46. This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid minimum wages, liquidated damages, other compensation, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former hourly workers above are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

47. Maintaining this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent Court-supervised Notice informing them of the pendency of this action and giving them the opportunity to "opt-in."

48. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records that they were required to maintain pursuant to the FLSA. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. §216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

49. Named Plaintiff cannot yet state the exact number of similarly situated persons but avers, upon information and belief, that the FLSA Collective consists of at least forty (40) or more persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and were required to maintain, pursuant to the FLSA.

**B. Federal Rule of Civil Procedure 23 Class Action for Unpaid Minimum Wages and Other Compensation.**

50. Named Plaintiff brings her Ohio Acts claims under Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other members of the Ohio Class Members, defined as:

> All current and former hourly employees who worked in a tipped position for which a tip credit was applied from July 1, 2023 and continuing through final disposition of this case ("Ohio Class," "§ 34a Class," or "Ohio Class Members").

51. The § 34a Class claims are being brought pursuant to Art. II, § 34a of the Ohio Constitution on behalf of the similarly situated persons who do not opt out during the relevant time period above.

52. Named Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of around forty (40) or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant maintained, and were required to maintain, pursuant to the FLSA and the Ohio Acts. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; and Art II., Section 34a of the Ohio Constitution.

53. Named Plaintiff is a member of the Ohio Class and her claims for unpaid wages are typical of the claims of other members of the Ohio Class.

54. Named Plaintiff will fairly and adequately represent the Ohio Class and the interests of all members of the Ohio Class.

55. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Class that she has undertaken to represent.

56. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Class. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

57. Questions of law and fact are common to the Ohio Class and predominate over any questions affecting only individual members. The questions of law and fact common to the Ohio

Class arising from Defendant's conduct include, without limitation:

    (a)    whether Defendant violated the Ohio Acts by failing to pay the Ohio Class Members all minimum wages earned because of the violation(s) described herein;

    (b)    whether Defendant improperly retained and/or redistributed tips given to or intended for Plaintiff and other tipped workers;

    (c)    what amount of unpaid and/or withheld compensation, including minimum wages and tips, is due to Named Plaintiff and other members of the Ohio Class on account of Defendant's violations of the Ohio Acts;

    (d)    whether Defendant failed to pay Plaintiff and the Ohio Class in a timely manner as described by Ohio Revised Code § 4113.15; and

    (e)    what amount of prejudgment interest, liquidated damages, and/or other monetary relief afforded by the Ohio Acts is due to Named Plaintiff and other members of the Ohio Class on the overtime or other entitled compensation which was withheld or not paid to them.

58. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their hourly, non-exempt employees comprising of the Ohio Class.

59. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Classes as a whole.

60. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Class predominate over questions affecting individual members of the Ohio Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

61. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural

burdens on the parties and the Court.

62. Named Plaintiff and counsel are not aware of any interfering pending Ohio litigation on behalf of the Ohio Class as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV. PLAINTIFF'S INDIVIDUALS FACTAL ALLEGATIONS

63. On Friday, August 11, 2023, Plaintiff raised tip structure concerns to Defendant directly via email to two managerial employees: Mark Farris, manager ("Farris") and Jason Brewer ("Brewer"). In particular, Plaintiff informed them that her tips and those of other tipped employees were being improperly split among non-tipped employees such as kitchen staff resulting in her and other bartenders working "for free." She also requested that they restructure how the tips were being paid so that she could be paid properly.

64. Plaintiff's email constitutes protected activity.

65. Defendant was aware of Plaintiff's email.

66. Less than an hour later, however, Mr. Farris terminated her employment.

67. Defendant did not have a legitimate business justification for its conduct.

68. In fact, Defendant framed Plaintiff's protected activity as "poison you are spewing about Wandering Monsters, over a policy that we are completely transparent about. As of today, we are terminating your employment with Wandering Monsters."

69. By terminating her employment in response to her protected activity, Defendant retaliated against her in violation of the FLSA and § 34a.

70. As a result of Defendant's conduct alleged above, Plaintiff has suffered a loss of wages, other compensation, attorneys' fees, and costs, for which Defendant is liable.

## V. CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 206 – FLSA COLLECTIVE ACTION FOR UNPAID MINIMUM WAGE)

71. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

72. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective Members.

73. The FLSA entitles employees to a minimum hourly wage of $7.25 per hour for every hour worked. *See* 29 U.S.C. § 206(a).

74. While Defendant may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain required disclosures are not made to their employees. *See* 29 U.S.C. §§ 203(m) and 203(t).

75. As alleged above, Defendant forfeits the right to utilize a "tip credit" to satisfy the minimum wage obligations to tipped employees when the tipped employees do not retain all tips and the tips are redistributed to non-tipped employees. *See* 29 U.S.C. § 203(m)(2)(A)(ii) and 29 C.F.R. § 531.50(b).

76. Defendant forfeited the tip credit provision when it (1) failed to inform Named Plaintiff and similarly situated hourly tipped employees of the Tip Credit Provisions in 29 U.S.C. § 203(m) alleged above; and (2) improperly retained and/or redistributed tips that were property of the tipped employee.

77. During the relevant time period, Defendant compensated Named Plaintiff and FLSA Collective Members at the tipped minimum wage of $5.06 per hour rather than at the full

hourly minimum wage rate as required by 29 U.S.C. §§ 201, *et seq*. in violation of the FLSA and attendant regulations.

78. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages in that they have not received wages due to them pursuant to the FLSA.

79. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

80. Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest, attorneys' fees and costs, and all other remedies available, on behalf of herself and the FLSA Collective Members.

## COUNT II
### (OHIO CONST., ART. II, § 34A – RULE 23 CLASS ACTION FOR FAILURE TO PAY MINIMUM WAGE)

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. This claim is brought under the Ohio Constitution, Article II, § 34a.

83. Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the minimum wage requirements in the Ohio Constitution.

84. Named Plaintiff and the Ohio Class Members were hourly, non-exempt employees entitled to be paid at least the full minimum wage for all hours worked.

85. As alleged above, Defendant was not eligible to avail itself of the tipped minimum wage rate under Article II § 34a of the Ohio Constitution because Defendant retained and/or redistributed the tips of Named Plaintiff and the Ohio Class Members to non-tipped employees.

86. By failing to allow Named Plaintiff and the Ohio Class Members to retain all tips and/or requiring their tips to be redistributed to non-tipped employees, Defendant violated Art. II, § 34a.

87. The exact total amount of compensation that Defendant has failed to pay Named Plaintiff and the Ohio Class Members is unknown at this time, as many, if not all, of the records necessary to make such precise calculations are in the possession, custody, or control of Defendant or were not otherwise kept.

88. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the Ohio Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages in an amount equal to two times the unpaid compensation, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Ohio Class Members.

## COUNT III
### (R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION)

89. All of the preceding paragraphs are realleged as if fully rewritten herein.

90. The OPPA encompasses two claims. First, a violation of any other wage statute (including the FLSA or the Ohio Wage Act) triggers a failure to timely pay wages under the OPPA.

91. Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

92. Named Plaintiff and other Ohio Class Members have been employed by Defendant.

93. At all times relevant, Defendant was an entity covered by the OPPA, and Named Plaintiff and other Ohio Class Members have been employed by Defendant within the meaning of the OPPA.

94. The OPPA requires that the Defendant pay Plaintiff and the Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day

thereof, *and* on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

95. During relevant times, Plaintiff and the Ohio Class Members were not paid all wages, including minimum wages and tips within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

96. As a result, Plaintiff and the Ohio Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

97. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT V
### (29 U.S.C. § 215 – FLSA RETALIATION FOR PROTECTED ACTIVITY)

98. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

99. The FLSA's broad anti-retaliation provision makes it unlawful to discharge or in any other manner discriminate against any employee because such employee has filed a complaint or instituted any proceeding under the FLSA. *See* 29 U.S.C. § 215(a)(3).

100. As alleged above, Plaintiff (1) engaged in protected activity under the FLSA; (2) her exercise of her right was known by Defendant; (3) Defendant took an adverse employment action against her; and (4) Defendants took one or more adverse employment actions against her because of her protected activity.

101. As such, Defendant violated 29 U.S.C. § 215(a)(3).

102. As a result of Defendant's conduct, any employer who violates § 215(a)(3) shall be liable for such legal or equitable relief as may be appropriate, including without limitation employment, reinstatement, promotion, the payment of wages lost and an additional equal amount

as liquidated damages, and attorneys' fees and costs associated with the action for which Defendant is liable. *See* 29 U.S.C. § 216(b).

### COUNT VI
### (OHIO CONST., ART. II, § 34A – RETALIATION)

103. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

104. This claim is brought under the Ohio Constitution.

105. § 34a mandates that "no employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right under this section or any law or regulation implementing its provisions or against any person for providing assistances to an employee or information regarding the same." Ohio Const., Art. II, § 34a.

106. As alleged above, Plaintiff (1) engaged in protected activity under § 34a; (2) her exercise of her right was known by Defendants; (3) Defendants took an adverse employment action against her; and (4) Defendants took one or more adverse employment actions against her because of her protected activity.

107. As such, Defendants violated Art. II, § 34a.

108. As a result of Defendant's conduct as alleged herein, Plaintiff is entitled to damages, including, but not limited to her unpaid wages, an addition two times the unpaid wages (i.e. treble damages), attorneys' fees, and costs for which Defendant is liable.

### VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collectives apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Certifying the proposed Ohio Class under the Ohio Acts;

D. Finding that Defendant have failed to keep accurate records and that Named Plaintiff and other members of the FLSA Collectives and Ohio Class Members are entitled to prove their hours worked with reasonable estimates;

E. Finding that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

F. Entering judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and other members of the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

G. Entering judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and other members of the FLSA Collectives during the applicable statutory period under the FLSA and continuing through trial;

H. Awarding to Named Plaintiff and other members of the FLSA Collective and Ohio Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts, including but not limited to the OPPA, including but not limited to in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Ohio Class member, whichever is greater;

I. Awarding Named Plaintiff and other members of the FLSA Collective and Ohio Class prejudgment interest, post-judgment interest, and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

J. Awarding to Named Plaintiff a service award for her efforts in remedying various pay policies/practices as outlined above;

K. Awarding to Named Plaintiff and other members of the FLSA Collective and Ohio Class costs and disbursements and reasonable allowances for fees of counsel and experts and reimbursement of expenses;

L. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

M. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

N. Declaring judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled;

O. Entering judgment against Defendant for its retaliatory conduct against Plaintiff with respect to her individual claims as alleged above; and

P. Awarding such other and further relief as to this Court may deem necessary, just, or proper.

Respectfully submitted,

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

Matthew B. Bryant (0085991)
Esther E. Bryant (0096629)
**BRYANT LEGAL, LLC**
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Mbryant@bryantlegalllc.com
Ebryant@bryantlegalllc.com

*Attorneys for Named Plaintiff and Other Members
of the FLSA Collective and Ohio Class*

## JURY DEMAND

Plaintiff hereby demands a jury trial of eight (8) persons to hear all issues so triable.

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)